# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

CLEVON WILLIAMS, )
)
          Movant, )
)
    vs. )      No. 1:10-cv-1584-LJM-TAB
)
UNITED STATES OF AMERICA. )

## Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255 and Denying Certificate of Appealability

For the reasons explained in this Entry, the motion for relief pursuant to 28 U.S.C. § 2255 of Clevon Williams must be **denied** and the action dismissed without prejudice. In addition, the court finds the certificate of appealability should not issue**.**

## The Motion for Relief Pursuant to 28 U.S.C. § 2255

A federal inmate seeking to set aside his conviction generally must do so under 28 U.S.C. § 2255. *See Morales v. Bezy,* 499 F.3d 668, 670 (7th Cir. 2007). Clevon Williams has traveled that path with respect to his conviction No. IP 06-CR-106-1-M/F. This occurred in a proceeding assigned to the civil docket as No. 1:07-cv-1534-LJM-WTL, which was dismissed with prejudice on January 8, 2008. Following the disposition in No. 1:07-cv-1534-LJM-WTL, both this court and the Court of Appeals declined to issue a certificate of appealability.

A second or successive petition may be considered by the sentencing court only if the petitioner seeks an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(3); see also 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); *Potts v. United States,* 210 F.3d 770 (7th Cir. 2000). Mr. Williams has not shown, nor has he even alleged, that he petitioned the Seventh Circuit for an order allowing him to proceed with a second or successive § 2255 petition.

This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)) (opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999)). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.*

With the prior § 2255 action having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be summarily dismissed for lack of jurisdiction pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Court.*

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Mr. Williams has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED**.


Date: ___01/27/2011___

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana